## CLEVENGER v. CARL B. KING DRILLING CO.

### No. 4054.

Court of Civil Appeals of Texas. Amarillo.

June 28, 1933.

Rehearing Denied Sept. 6, 1933.

Gordon & Gordon, of Pampa, for appellant.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, for appellee.

JACKSON, Justice.

The appellant sued appellee claiming damages for its alleged breach of an oral contract made December 28, 1931, by the terms of which appellant was employed to haul for appellee certain oil well tools and machinery from near Pampa, in Texas, to the vicinity of Valley Center, in Kansas.

Appellant alleged that under the contract he was to receive the sum of $810 for the services, and the expense to him of transporting such tools and machinery would have been $541.30, and he would have made a profit of $268.70 on his contract.

The appellee admitted it contracted for appellant to transport the tools and machinery, but pleaded that it had an agreement to drill a well near Valley Center, in Kansas, and at the time of the contract with appellant it was understood the boiler, engine, and larger tools should be loaded on trucks not later than the afternoon of December 29, 1931, and the remainder should be loaded not later than the following morning; that time was of the essence of the contract, and appellant was guilty of a breach thereof in failing to load the engine, boiler, and larger tools on the afternoon of December 29th.

The jury found, in effect, in response to special issues submitted, that the appellant and appellee made the contract, and that it was understood that the engine, boiler, and other larger tools must be loaded on the afternoon of December 29th and the remainder on the morning of December 30th; that the reasonable expense of moving the tools would have been $480, and appellant actually expended $183.85 toward performing the contract.

On these findings the court decreed that appellant take nothing by his suit, and he appeals.

■ The appellant challenges as error the action of the trial court in rendering judgment against him because, under the record, in order for appellee to prevail in the suit, it was necessary for it to prove and secure a jury finding not only that time was of the essence of the contract, but that the time for loading the engine, boiler, and heavier tools ended at 6 p. m. on December 29th.

There is no pleading, no testimony, and no finding of the jury as to whether the appellant should have loaded the engine, boiler, and tools by 6 p. m., December 29th, the time it is conceded that appellee canceled the contract. There is likewise no pleading or testimony as to the time the contracting parties intended to cover by "afternoon," and no testimony as to whether the appellant could have loaded such tools by midnight, December 29th. The jury found the loading of the engine, boiler, and larger tools must have been done on the afternoon of December 29th.

Bouv. Law Dict. (Rawle's 3d Rev.) vol. 1, p. 161, defines afternoon as follows: "The word has two senses. It may mean the whole time from noon to midnight or it may mean the earlier part of that time as distinguished from the evening."

In view of the failure of the record to disclose what the parties intended by "afternoon," and the uncertainty of the meaning thereof, the court should have submitted a properly worded issue to the jury to secure a finding as to whether appellant's time for loading the tools expired at 6 p. m. on December 29th.

■ The appellant assails as error the misconduct of the court in communicating with a juror while the jury was considering their verdict.

The record shows that the argument of counsel in the case was concluded at 12 p. m.,

November 29, 1932, and the jurors retired to consider their verdict. In a short time they were excused for lunch. The judge, as he returned to the courthouse, met in the lobby thereof three of the jurors, Cook, Lamb, and Barrett. The juror Barrett approached the judge and made this statement, "Well, Judge, it looks like a touch case to me," to which the judge replied, "Well, you will have to take the Court's charge and do the best you can."

It has been held in an unbroken line of authorities by the Supreme Court that it is reversible error for the trial judge to communicate with the jury relative to the case while they are considering their verdict, in any way or manner, except as provided by statute. Articles 2197 and 2198, R. C. S. 1925; Texas Midland R. Co. v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Parker v. Bailey (Tex. Com. App.) 15 S.W.(2d) 1033, and numerous other authorities unnecessary to cite.

The assignment attacking the misconduct of the jury it is unnecessary to consider, because, if error, it should not occur on another trial.

The judgment is reversed, and the cause remanded.