## HOUSTON ELECTRIC CO. v. McLEROY.
### No. 11183.

Court of Civil Appeals of Texas. Galveston.
June 19, 1941.

Rehearing Denied July 24, 1941.

618

J. C. Hutcheson, III., of Houston (Baker, Botts, Andrews & Wharton, of Houston, of counsel), for appellant.

N. B. Brunson and Ewing Werlein, both of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, C. E. McLeroy, to recover damages for personal injuries alleged to have been sustained by him as the result of the negligent operation of a bus driven by an employee of appellant, Houston Electric Company.

The suit arose out of a collision which occurred at the intersection of North Main and Hogan Streets in the City of Houston on the morning of May 8, 1937, between an automobile being driven by one W. T. Brochard, in which appellee was riding as a guest, and a bus owned by appellant being driven by one Ray Frizzell, one of appellant's employees. At the time of the collision, the Brochard automobile, which had been proceeding south on North Main Street, had come to a stop at Hogan Street behind another car which had already stopped for a red traffic light, when it was struck from the rear by appellant's bus.

Appellee urged numerous specific acts and omissions on the part of the driver of the bus claimed to amount to negligence, proximately causing the collision and appellee's resulting injuries. Appellant an-

swered by a general denial and a plea of contributory negligence in general terms.

In answer to special issues submitted, the jury found that the driver of appellant's bus was driving at a rate of speed in excess of what an ordinarily prudent person would have driven under similar circumstances; and that he failed to have the bus under proper control, or to keep a proper lookout. They found that the brakes of the bus were adequate and sufficient, but that a person of ordinary prudence in the exercise of ordinary care, under similar circumstances, would have applied the brakes on the bus sooner than they were applied. They found that each of such specific acts and omissions constituted negligence on the part of the bus driver and was a proximate cause of the collision in question. The jury found further that the collision was not the result of an unavoidable accident; that the driver of the Brochard automobile did not bring his automobile to a stop under such circumstances that the movement or operation of appellant's bus might reasonably be affected thereby; that he did not bring his automobile to a sudden stop and did not fail to keep a proper lookout for vehicles approaching from the rear. Based on the answers of the jury to such special issues, judgment was rendered in favor of appellee.

Appellant's first contention is that the jury's findings in favor of appellee on the various issues of negligence were not supported by the evidence and that the trial court should have entered judgment in favor of appellant. This contention cannot be sustained.

■ It is the established law in this state that negligence as well as proximate cause may be proven by circumstantial evidence (Montgomery Ward & Co. v. Levy, Tex.Civ.App., 136 S.W.2d 663; Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635; English v. Miller, Tex.Civ.App., 43 S.W.2d 642), and that where there is any evidence from which the jury might have properly found negligence or any other issuable fact, its finding is conclusive and beyond review by an appellate court (Houston, E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S.W. 533). Further it has been held that where the instrumentality which causes an accident is shown to have been under the management of a defendant and the accident is of such a nature as, in the due and ordinary course of things, would not happen if those having the management used proper care; such a situation, unexplained, justified a jury in presuming negligence and affords reasonable evidence thereof even in the absence of an indication on the part of the plaintiff that he intends to rely upon the doctrine of res ipsa loquitur. Texas-Louisiana Power Co. v. Daniels, 127 Tex. 126, 91 S.W.2d 302.

Our courts have laid down as a salient rule of law that, in trailing other automobiles, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front, since one cannot run down a vehicle proceeding in the same direction without having been guilty of some negligence in the operation of his own automobile, unless it appears that the collision was due to the contributory negligence of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain, and usually presents a question of fact for the determination of a jury. Rankin v. Nash-Texas Co., Tex.Civ.App., 73 S.W.2d 680; Gornstein v. Priver, 64 Cal.App. 249, 221 P. 396.

■ In the instant case, neither appellee nor the driver of the car in which he was riding were found to be guilty of negligence. It is undisputed that the car in front of the Brochard car had come to a stop because of a red signal light at the intersection, and that it came to a gradual stop behind the other car. The collision occurred in open daylight on a public street. There is no evidence of any obstruction between the bus and the Brochard automobile which could have prevented the bus driver from seeing the red signal light and the Brochard car, or from seeing that the Brochard car had come to a stop. It is undisputed that the force of the collision was sufficient to cause the Brochard car to drive the car that had been stopped in front of it into the street intersection. Under the above facts, we think that the jury was justified in finding that the driver of the bus had not kept a reasonable lookout and that he did not have his bus under proper control and that he was negligent in failing to sooner apply his brakes.

■■ Appellant assigns error in the action of the trial court in instructing the jury that, to be unavoidable, an accident must occur without the act or omission on the part of either party proximately causing or contributing to cause the collision, and in the court's failure to properly define the term "unavoidable accident."

The controlling question presented under this contention in the instant case is whether the issue of unavoidable accident is raised in the case. This question has been decided contrary to appellant's contentions by the Commission of Appeals under an almost identical state of facts in the case of Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 951, 97 A.L.R. 1513.

In the Jordan case plaintiff alleged and offered evidence tending to prove that the employee of defendant drove its truck in such a way as to strike the automobile driven by Mrs. Jordan, thereby causing it to collide with another automobile parked at the curb. Defendant denied plaintiff's allegations of negligence on the part of its employee and alleged that the accident was caused by the failure of Mrs. Jordan to keep a proper lookout. The only evidence offered by defendant tended to prove that its employee was not negligent and to sustain its allegation that Mrs. Jordan was negligent in failing to keep a proper lookout. The court in its opinion said: "The accident occurred in the middle of the day on a public street in the city of El Paso. The width of the street is not shown. There is no evidence that the street was rough or the pavement wet, and no suggestion of anything that might have caused the automobile to skid into the automobile parked at the curb. There is no evidence of a congestion of traffic, or of the existence of any obstacle that might have obstructed Mrs. Jordan's view of the parked automobile. The issue of unavoidable accident is not raised when there is no evidence tending to prove that the injury resulted from some cause other than the negligence of one of the parties. Boyles v. McClure (Tex.Com.App.) 243 S.W. 1080. There is no evidence from which it can reasonably be inferred that the injury to Mrs. Jordan was caused by anything other than her own negligence in driving her automobile into the parked automobile or the negligence of the driver of plaintiff in error's truck in striking Mrs. Jordan's automobile. If the jury had answered that the injury was the result of an unavoidable accident, its finding would have been supported by nothing stronger than surmise or suspicion."

The facts in the instant case are almost identical with those in the Jordan case. Appellee alleged and offered proof that the employee of appellant negligently drove its bus into the rear of the Brochard automobile. Appellant denied the allegations of negligence on the part of its driver and alleged that appellee had failed to exercise ordinary care for his safety. The only evidence offered by it explanatory of the collision was the testimony of the bus driver and two of his passengers, to the effect that prior to the collision the bus had been proceeding south at a rate of speed of around ten miles an hour; that traffic was heavy, and that the Brochard car, which was only a few feet ahead of the bus, had made such a sudden stop that the bus was not able to come to a complete stop before striking it a slight blow, and that the impact of the collision was so light as not even to jar persons standing up in the bus. It is undisputed that the collision occurred in open daylight on a public street. There was no testimony as to obstructions of any kind which could have prevented the bus driver from seeing the Brochard car, and the only testimony in reference to traffic conditions was that the traffic was heavy.

An "unavoidable accident" is defined in the case of Dallas Railway & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777, 779, as: "One which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every man bound to exercise. If the accident complained of could have been prevented by either party, by the use of means suggested by common prudence, it was not unavoidable."

There is no evidence in this record from which it can reasonably be inferred that the collision in question was caused by anything other than the negligence of the driver of the Brochard car or the negligence of the driver of appellant's bus.

Since the issue of unavoidable accident is not in the case, it is unnecessary to determine whether or not there were errors in the manner in which the issue was submitted to the jury.

■■ Appellant's contention that the court committed reversible error in overruling its motion for a new trial on account

of alleged misconduct of the jury, cannot be sustained.

The record shows that the jury reached an agreement on all the issues except that of damages a short time after they retired to the jury room and that on the question of damages to be awarded appellee, one of the jurors held out for a smaller amount than the others. At a hearing on motion for new trial one of the jurors testified that this juror was told that the street car company carried liability insurance and that there was some discussion as to the fees appellee's attorney would receive.

The jurors who had held out for the lower amount testified that one of the jurors had stated to him that the street car company had insurance that would cover the verdict in the case and that there had been some discussion as to attorney's fees, but that the statements did not influence him in any way, and that on the following day he compromised on the $14,000 recovery and that he would have given the same amount even if they had not mentioned the question of insurance and attorney's fees.

The court, in overruling the motion for new trial, found in effect that the remark in regard to insurance and attorney's fees did not influence the juror, J. H. Rushing, in agreeing to the verdict reached.

A trial court's finding of fact on which he bases his ruling on motion for new trial, which is supported by evidence, is binding upon this court to the same extent as if it had been a jury finding supported by evidence; Yellow Cab Company of Galveston v. Word, Tex.Civ.App., 125 S.W.2d 1050; Edens-Birch Lumber Co. v. Wood, Tex. Civ.App., 139 S.W.2d 881; James A. Dick Co. v. Yanex, Tex.Civ.App., 55 S.W.2d 600; Boddeker v. Olschewske, 127 Tex. 598, 94 S.W.2d 730.

 Appellant contends that the action of the court in sending his bailiff into the jury room for the jury's charge and work-sheet for examination, and later returning them to the jury room, constituted an interference with the deliberations of and a communication with the jury not permitted by law, and that such action vitiates the verdict and the judgment entered thereon.

The record shows that, while the jury was engaged in deliberating on the case, and at a time when all issues had been answered except the damage issue, the court sent his bailiff into the jury room to obtain

the charge and partially completed verdict, and that after he had inspected them he returned them to the jury room. This action was taken by the court without any agreement of counsel and in the absence and without the knowledge of counsel for defendant.

Articles 2195, 2197, and 2198, dealing with the deliberations of the jury, provide:

"Art. 2195. * * * The officer in charge of the jury shall not make nor permit any communication to be made to them, except to inquire if they have agreed upon a verdict, unless by order of the court; and he shall not before their verdict is rendered communicate to any person the state of their deliberations or the verdict agreed upon."

"Art. 2197. * * * The jury may communicate with the court by making their wish known to the officer in charge, who shall inform the court, and they may then in open court, and through their foreman, communicate with the court, either verbally or in writing."

"Art. 2198. * * * After having retired, the jury may ask further instructions of the court touching any matter of law. For this purpose they shall appear before the judge in open court in a body and through their foreman state to the court, either verbally or in writing, the particular question of law upon which they desire further instruction; and the court shall give such instruction in writing, but no instruction shall be given except in conformity with the preceding rules and only upon the particular question on which it is asked."

It is the contention of appellant that the action of the court in sending for said charge and work-sheet during the deliberations of the jury violated all three of these statutory provisions.

Appellant cites the recent case of Arthur Lee v. Houston Electric Co., 152 S.W.2d 379, by the Beaumont Court of Civil Appeals, the opinion in which was filed on May 8, 1941, in which the court based its action in reversing and remanding the cause in part on the trial court's action in communicating with the jury in reference to the state of their deliberation on their verdict. In the Lee case it was shown that the bailiff told the jury that the Judge wanted to see their verdict to determine how near they were finished. He testified that he took the verdict to the Judge and

that when he brought the papers back to the jury room he told the jury that the Judge would give them a little more time, for them to hurry up, that he wanted. to leave. The court stated that he had sent his bailiff into the jury room for the work-sheet and that he did make the statements testified to, and that the bailiff had reported to him that the foreman had stated that they thought in 15 minutes they would have a verdict, and that he said that he would be glad to wait that 15 minutes but that he would have to be away a little after 6 o'clock.

In the instant case it is not shown that any communication was made to the jury by the court or by the bailiff. The statement of facts reflects the following statement by the trial court:

"Be it remembered that upon the trial of the above styled and numbered cause, at a time when the jury was in retirement in the jury room and the court at recess awaiting possibility of a verdict, the court instructed the bailiff in attendance upon the jury to furnish the court with the charge and with their work-sheet, which was accordingly done.

"Upon inspection it appeared that the jury had answered all of the special issues submitted to them and had entered their answers on the blank form furnished them for their verdict, except the issue of damages, which was not answered. The court returned the charge and the work-sheet to the jury without comment and the information with respect to what was shown by the work sheet was not given to any person until after the verdict was received and filed and the jury was discharged. At the time this occurred, Mr. Brunson, of counsel for the plaintiff, was the only attorney present."

It is the general rule that any violations of Articles 2195, 2197, and 2198, whether innocent or not, or whether or not it may have resulted in injury, vitiate the judgment and requires that it be set aside.

In the case of Texas Midland Ry. Co. v. Byrd, 102 Tex. 263, 115 S.W. 1163, 1164, 20 L.R.A.,N.S., 429, 20 Ann.Cas. 137, after the jury had returned to consider their verdict, the trial Judge had a conference with the foreman out of the court room and not in the presence of all the jury and counsel for both sides. It was not shown that the conference in any way affected the verdict. The court, in holding that it was not simply a question of the misconduct of the jury and of whether such misconduct would probably influence the jury, but that it was a question of the misconduct of the court and the propriety of allowing a judgment to stand after such action on the court's part, said: "It is thus seen that the statutes very carefully provide the manner in which the court shall confer with the jury, and that he shall give no instructions, or confer with them in any manner, except in open court. The obvious purpose of this. is that counsel may be present and see that the conference is proper, and, if not, may take a bill of exception to the action of the court. It seems to us, therefore, that it is error for the judge to confer with the jury in any other manner than that prescribed by law, and that if he does, his judgment on. that account ought to be reversed."

Our courts have further held it to be reversible error for the trial judge to communicate with the jury relative to the case in any way or manner while they are considering their verdict, except as provided by statute. Gerneth v. Galbraith Foxworth Lumber Co., Tex.Com.App., 38 S.W. 2d 775; Clevenger v. Carl B. King Drilling Co., Tex.Civ.App., 62 S.W.2d 1001; Reynolds v. Sandel, Tex.Civ.App., 142 S.W.2d 527.

An analysis of the three statutes above referred to convinces us, however, that the action of the trial court in the instant case did not constitute such a communication. with the jury relative to the case as is prohibited by statute. The record is silent as. to whether the bailiff made any statement to or had any communication with the jury either at the time he was sent to procure said charge and work-sheet, or when he returned them to the jury room. In the absence of affirmative proof as to these facts,. it is to be presumed that no statement was. made to or communication had with the jury at either time. The statement of the trial court reflects the fact that he did not communicate the state of the jury's deliberations or the verdict agreed upon to any one until after the verdict had been returned into court.

Under above facts appellant's contention. must be overruled.

■■■■ Appellant assigns error in the action of the trial court in refusing to permit counsel for appellant, in cross-examining the driver of the automobile in which. appellee was riding, to elicit from him tes-

timony that the collision in question was just an ordinary type of bump that happens frequently in traffic and that there was nothing unusual about it.

The record shows that after the witness Brochard testified in reference to the nature and extent of the damage done to his car, counsel for defendant asked the following question: "That is not the first time you have been in traffic and either run into somebody else or been run into?" To which appellee's counsel objected on the ground that the question had nothing to do with the case. The objection was sustained by the court.

It is a well established rule of evidence that similar facts and transactions are inadmissible, even if of an identical nature, to prove a specific fact. Traders & General Ins. Co. v. Boysen, Tex.Civ.App., 123 S.W.2d 1016. Further, the conduct of the witness Brochard in driving an automobile, and whether or not he had had other accidents, were not issues in this case and were properly excluded by the trial court.

It follows from the above conclusions that the judgment of the trial court must be in all things affirmed. It is so ordered.

Affirmed.