**VANCE v. JONES et vir.**

No. 14471.

Court of Civil Appeals of Texas. Dallas.

Feb. 1, 1952.

Allen, Locke & Crampton, Wichita Falls, Burt Barr, Dallas, for appellant.

Hubert D. Wills, Grand Prairie, for appellees.

BOND, Chief Justice.

Lou Edna Jones and husband B. B. Jones instituted suit against Hammett Vance in a District Court of Dallas County for damages alleged to have been suffered by them as the result of an automobile collision which occurred in the town of Grand Prairie, Dallas County, Texas between the automobile operated by Mrs. Jones and one operated by Hammett Vance. The defendant Vance timely filed a statutory plea of privilege to be sued in Wichita County, the county of his residence. A controverting plea was filed by the plaintiffs in which they sought to maintain venue of the suit in Dallas County where the alleged collision and damage occurred, under and by virtue of exception, subdv. 9, Art. 1995, Vernon's Civ.Sts., reading: "Crime or trespass.—A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense or trespass was committed, * * * or in the county where the defendant has his domicile."

The facts relied on for venue are whether or not the defendant committed a "trespass" in Dallas County resulting in damages to the plaintiffs. There is no question of the sufficiency of plaintiffs' petition, defendant's plea of privilege, or plaintiffs' controverting affidavit. Upon trial before the court the plaintiffs introduced the testimony of Mrs. Jones and photographs of the two automobiles involved in the collision, showing their respective damaged condition,—the crushed rear end of plaintiffs' automobile and the radiator, hood and front fenders of defendant's automobile—such photographs evidencing considerable damage. The defendant neither testified nor offered in evidence any extenuation as to the resulting collision or plaintiffs' damage. The evidence of plaintiffs established beyond doubt that a "trespass" was committed by the defendant in Dallas County. The word "trespass" as used in the venue statute, subdv. 9, Art. 1995, means active negligent unlawful, or wrongful acts committed, from which damages resulted.

The automobile collision in question occurred at the intersection of East 19th Street and Main Street in the City of Grand Prairie. Main Street is an east and west two-way traffic lane with visible double-strip division marker. Mrs. Jones testified that she was traveling east on Main, in the south traffic lane, near the division line, and as she approached the intersection to make a left-hand turn onto East 19th Street, she "stuck out her hand," pulled her automobile over to the left-hand side of the lane and, due to the oncoming automobiles going west on the opposite side on the north traffic lane, she stopped her automobile. That she had the lights of her automobile on before and at the time she stopped. Before stopping, she looked to the rear, still holding her hand out, and seeing no car approaching to hinder her stopping she pulled to the left and stopped. Suddenly Mr. Vance's automobile collided with her automobile, knocking it across the intersection into 19th Street. She further testified that before the collision she could not say how fast Mr. Vance was traveling, she could not see, but she heard the skidding of his tires before he hit,—too sudden to give her time to do anything. She glanced up just in time to see him as the collision occurred. She further testified that as a

result of the collision her automobile suffered the damages as shown in the proffered photographs.

Under the facts as above detailed, and none to the contrary, we are of the opinion that the plaintiffs have proven the venue facts, under subdivision 9 of the venue statute, proving by a preponderance of the evidence that the defendant was guilty of committing a trespass in Dallas County. Hence the judgment of the trial court is affirmed.