**C. M. JEFFRIES TRUCKING CO. et al.**

**v.**

**HUTCHINSON COUNTY.**

No. 6366.

Court of Civil Appeals of Texas.
Amarillo.

Jan. 18, 1954.

Simpson, Clayton & Fullingim, Amarillo, for appellants.

R. C. Marshall, Borger, for appellee.

PITTS, Chief Justice.

This is a venue action which arose out of a damage suit filed by appellee, Hutchinson County, Texas, acting through its commissioners' court, against appellant, C. M. Jeffries Trucking Company, a corporation, for alleged damages in the sum of $5,000. Appellee further alleged, in effect, that such damages were incurred on May 8, 1951, by reason of the negligent operation of appellant's overloaded truck by its legal agent onto a wooden bridge that was visibly and obviously old and weak and caused the said bridge to collapse and become demolished under the weight of the overloaded truck.

Appellant through its attorney filed its plea of privilege seeking to have the action transferred to Gray County, Texas, the county of its residence. Appellee timely filed its controverting affidavit alleging an active or affirmative act of negligence by appellant's agent which constituted a trespass committed in Hutchinson County as well as the commission of an offense in violation of the laws of Texas by reason of operating the truck upon a county public road and a bridge with an excessive load thereon. It further alleged that such acts of appellant's agent proximately caused the collapse of the bridge that resulted in appellee's damage.

The case was tried to the court without a jury as a result of which judgment was rendered for appellee overruling appellant's plea of privilege from which judgment appellant perfected its appeal.

■ By reason of its pleading appellee relies upon Exception Number 9 of Article 1995, Vernon's Annotated Civil Statutes, known as the "Venue Statute". Such exception authorizes venue of such a suit in a county where a crime, offense or trespass has been committed by a defendant or its agent or representative. But the courts have uniformly held that the burden is upon the plaintiff (appellee herein) to allege and prove that an active or affirmative act of negligence or a crime or offense has been committed by defendant

or his agent or representative in the alleged county, from which acts damages resulted, before venue can be maintained in such county. Gann v. Murray, Tex. Sup., 246 S.W.2d 616; Vance v. Jones, Tex.Civ.App., 246 S.W.2d 244; Goldston v. Wieghat, Tex.Civ.App., 243 S.W.2d 404.

However, in the case of Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W.2d 897, the court further held that the filing of a plea of privilege by defendant constitutes prima facie proof for a change of venue and that the burden is upon plaintiff to prove the efficient elements of his claims in order to sustain venue of a suit as against defendant's plea of privilege to have the suit moved. The court there further held that the rule is well established that a person's right to be sued in the county of his residence is a valuable right and should never be abridged except by clear and convincing proof that the cause of action comes under some exception to the rule enunciated in the Venue Statute. In the case of Munn v. Mohler, Tex.Civ.App., 251 S.W. 2d 801, the court held that the legal right of a defendant to be sued in the county of his residence is a valuable right of which he may not be deprived unless the case filed against him comes clearly within one of the exceptions found in the Venue Statute. In the case of Anderson v. Southwestern Presbyterian Home and School for Orphans, Tex.Civ.App., 248 S.W.2d 775, the court held that exceptions to Venue Statute must be strictly construed and clearly established before a citizen can be deprived of his right to be sued in the county of his domicile. The court there further held that to deprive a defendant of the right of trial in the county of his domicile, a case filed against him must clearly come within at least one of the exceptions found in the Venue Statute, and the burden rests on plaintiff to allege and prove that the case comes within at least one of the exceptions.

In the case at bar appellant charges that appellee failed to prove that a trespass or a crime or an offense was committed by appellant's agent, which proximately caused the alleged damages and that its plea of privilege should have therefore been sustained and the action transferred to Gray County.

The record reveals that County Commissioner Paul Jones, in whose precinct the road and bridge in question were located, testified at length about having been called to the scene of the collapsed bridge an hour or two after it happened. He testified that the bridge in question was built in 1929 or 1930 out of timber; that it was built to serve and did serve every kind of traffic on a farm-to-market road and the same was a "wooden bridge" with some cement pillars underneath; that he saw the truck still there when he arrived with part of it apparently having crashed through the bridge; that the truck was loaded with oil field equipment but he did not know the weight of the truck or the load on it; that the road and bridge served traffic in an oil field area but the bridge was kept in very good repair; that no weight limitation had been fixed for the bridge and that he, as County Commissioner and overseer over the road and bridge in question, had never placed or posted notices as to a weight limitation on the said bridge and none existed there.

Morris Bentley testified that he was superintendent of production for J. M. Huber Corporation and that he supervised the drilling of oil wells and looked after the rigs a part of the time; that he appeared at the scene of the collapsed bridge soon after it occurred and saw the truck there known as "an auto car" loaded with "the draw works of a rotary rig"; that he was familiar with the weight of the draw works of a rotary rig. When asked to give "the approximate weight of the draw works of the rotary drilling rig" he saw on the truck, he replied "approximately * * * it would be around forty-eight thousand, is what it weighed"; that his estimate would include two engines, which weighed approximately five thousand pounds each but it would not include the accessories such as the line but he did

not believe there was a line on the truck; that his "best guess" was that the load on the truck was "forty-eight thousand overall". When asked if he knew "the approximate weight" of the truck without the load, he replied "No, I don't. Somewhere around twenty-four, or five thousand pounds."

Other testimony was heard concerning the estimated damages done to the bridge, but no further testimony was heard concerning the weight of the truck in question or the load thereon. No testimony was offered to establish agency on the part of the alleged truck driver or that he was engaged in the course of his employment by appellant, as pleaded by appellee. Neither was any testimony heard concerning the condition of the bridge immediately prior to the time appellant's truck was driven upon the bridge, although appellee had pleaded the bridge was "visibly and obviously old and weak" but Commissioner Paul Jones testified that the bridge was usually kept in good repair. The only attempt to establish excessive weight of the truck or the load thereon was the testimony given by the witness Morris Bentley who only gave approximate estimates or guesses at such weight, which, in our opinion, does not constitute "clear and convincing proof that cause of action comes under some exception to the rule". Gunstream v. Oil Well Remedial Service, supra, and other authorities previously cited.

When we apply the foregoing announced venue rules to the testimony heard in this action, it does not appear that the evidence was "clear and convincing" enough to establish excessive weight such as would prove the commission of a crime or an offense against the law or an affirmative act of negligence such as would constitute a trespass under the authorities cited. Neither do we find sufficient proof to establish proximate cause as a venue fact and as alleged by appellee. Yearwood v. Nichols, Tex.Civ.App., 230 S.W.2d 313, and other authorities there cited.

For the reasons stated appellant's two points of error are both sustained, the judgment of the trial court is reversed and the cause remanded with directions to the trial court to sustain the plea of privilege and transfer the case to the District Court of Gray County, Texas. Reversed and remanded with instructions.