Archie H. GORDON, Individually, etc., et al., Appellants,

v.

John E. PLEDGER, Appellee.

No. 12734.

Court of Civil Appeals of Texas.

Galveston.

July 15, 1954.

Rehearing Denied Oct. 7, 1954.

Aaron Goldfarb, Houston, for appellants.

John E. Pledger, Jr., A. C. Lesher, Jr., Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the 55th District Court of Harris County— Honorable Ewing Boyd presiding as judge without a jury—awarding the appellee a money judgment for $1,683.75, with 6% per annum interest thereon after January 1st of 1948.

The court filed no separate findings of either fact or law in support of its decree, nor were any requested by either side.

As appellants recite in their brief, the suit was one by this appellee, John E. Pledger, to recover the $1,683.75 from the appellants, who were the surviving heirs of Abe Gordon, "because of accounting services alleged to have been performed by said John E. Pledger by virtue of a contract between John E. Pledger and Abe Gordon, entered into prior to the death of said Abe Gordon."

The accounting services so involved, and for which the court's judgment was entered, are thought to be, consistently with the record, as this Court has found it, thus detailed in the appellee's brief:

"The Appellee, John E. Pledger, and Abe Gordon, now deceased, entered into a written contract * * * (under) the terms of which Appellee was to prepare and file protests contesting the right of the Treasury Department of the United States * * * to collect from Abe Gordon, * * * and Archie H. Gordon, and Allied Motors Company and Fannie Gordon, widow of Abe Gordon, Appellants, $23,500.00 claimed by that Department for income taxes for the years of 1942, 1943, 1944 and 1945 * * *. Appellee did prepare and file the protests and Appellants, i. e., Archie H. Gordon individually and as surviving partner of Allied Motors Company and Fannie Gordon, as the widow of the deceased Abe Gordon, became liable for such services, under said contract, in the sum of $650.00 part of which was paid and the balance ($341.50) is conceded by the Appellants to be owed to Appellee * * *.

"The written contract further provided that Appellee be paid $250.00 additional for preparing any offer of settlement and conferences thereon with * * *(such) Treasury Department. The offers were prepared and the conferences were had but the Appellee did not have to go to Dallas * * *, and only charged $157.50 instead of the full $250.00 provided for in the written contract.

"* * * the written contract was entered into for the purpose of preparing protests and effecting a settlement for taxpayers who were using a 'net worth' basis for their returns. That when all of such work was completed, including preparation of protests and conferences, Appellee discovered and called to Abe Gordon's attention the advantage of using the 'installment basis' instead of the 'completed sale' basis for computing tax. Such (latter basis) was not contemplated in the written contract, and entailed a substantial amount of labor to perfect such a system including the compiling of a set of books for the years of 1941, 1942, 1943, 1944 and 1945; * * * Appellee wanted compensation over and above the written contract to undertake this new project * * *.

"It is shown by the testimony of the witness Wm. H. Gardner that Abe Gordon agreed to pay for the extra time it would take to effect the contemplated saving. * * *. Forty-five days were spent in performing the oral agreement. * * *. By the performance of the oral contract Appellants got the benefit of a net saving in an amount of more than four times the amount of the benefits contemplated by the written contract."

In protest against the judgment so adverse to them, the appellants state some five points-of-error, the material substance of which, it is thought, may be thus stated:

(1) The judgment was based on an oral contract alleged by the appellee in a transaction with the deceased Abe Gordon, in reaching which it failed to exclude the testimony of appellee concerning a transaction with Abe Gordon, deceased;

(2) There was no evidence to support the judgment that an oral contract had been entered into between the appellee and the deceased Abe Gordon, and no proper plead-

ings of any such contract, wherefore the court erred in permitting the appellee to attempt to prove an oral contract between himself and Abe Gordon, deceased;

(3) The court erred in rendering the judgment for a greater sum than was either plead or proven by the appellee;

(4) The trial court's judgment rested "on testimony and evidence which attempted to vary from the terms of a written contract, inasmuch as such testimony and evidence was received by the Trial Court in violation of the parol evidence rule."

(5) The trial court erred in awarding interest to appellee from January 1, 1948, rather than from the date of its judgment.

None of these presentments, it is determined, should be sustained.

■ In the first place, the statement of facts shows that the learned trial court did not base its judgment in any sense upon the testimony of the appellee herein upon his transaction direct with the deceased, Abe Gordon; upon the contrary, that such testimony should be and was stricken from the record in view of what is called the "dead man's statute", Art. 3716, V.A.T.S.

■ Furthermore, the record likewise contains the showing that the appellee carried on all of his transactions that are under review in this respect. In such attending circumstances, it would seem that the testimony of Wm. H. Gardner, who was a skilled certified public accountant, was receivable for such a purpose, under such authorities as Ragsdale v. Ragsdale, Tex.Civ.App., 172 S.W.2d 381 and Turner v. Hodges' Estate, Tex.Civ.App., 219 S.W.2d 522. Furthermore, it seems to have been held under such authorities as Guardian Trust Co. v. Bauereisen, 132 Tex. 396, 121 S.W.2d 579, that parol testimony as to circumstances, out

of which contracts have grown, may be considered, not to vary the terms of the contract, but to apply the contract to the subjects with which the parties have dealt for the purpose of ascertaining their real intent.

■ In this instance, the trial court will be at least presumed to have found that the appellee had done the work contracted for and that Gordon himself, along with the appellants here, had accepted the benefits of that work, hence should be held liable therefor as incident to their appropriation of it. City of Santa Anna v. Leach, Tex.Civ.App., 173 S.W.2d 193; City of Galveston v. O'Mara, Tex.Civ.App., 146 S.W.2d 416; Johnson Aircrafts, Inc., v. Eichholtz, Tex.Civ.App., 194 S.W.2d 815.

■ Finally, upon this subject, as indicated, supra, this cause was tried before the judge thereof, sitting without a jury, wherefore, it is presumed upon this appeal thereof that the trial judge disregarded all evidence which may have been improperly received and in no manner considered it in arriving at the judgment. Furthermore, in that connection, it would be a violent presumption that the evidence complained of here was prejudicial to the appellants or to their predecessor in interest. See Texas Jur., 41B, Trial—Civil Cases— page 840, Sec. 605, Footnote 17, and cited authorities.

■ It is further concluded that the trial court's judgment properly allowed interest on the debt found to be due under the contract between these parties from and after January 1, 1948.

Further discussion is deemed unnecessary since these conclusions determine the merits of the appeal. The judgment will, therefore, be affirmed.

Affirmed.