John R. RENSHAW, Appellant,

v.

Freddie Lee COUNTESS, Appellee.

No. 15708.

Court of Civil Appeals of Texas.

Fort Worth.

April 6, 1956.

Rehearing Denied May 4, 1956.

Buck, Harris & Buck, and Harry N. Harris, Fort Worth, for appellant.

Green, Byrom & Wright and Robert C. Green, Fort Worth, for appellee.

BOYD, Justice.

This is a venue case. Appellee Freddie Lee Countess sued appellant John R. Renshaw for damages for personal injuries

alleged to have been sustained by his wife in a collision in Tarrant County. Appellant filed a plea of privilege to be sued in Wise County, the county of his residence. The plea was overruled.

Appellee alleged that his wife was a passenger in a sedan automobile driven by Mrs. Mary McElvaney; that they had been going south on Calhoun Street in Fort Worth, followed by a truck belonging to the Santa Fe Railway Company; that the car stopped near the intersection of 15th Street to wait for the intersection to clear; that while the car was stopped, a truck owned by appellant and driven by appellant's employee Lambert, which had been following the Santa Fe truck, collided with the Santa Fe truck, causing it to move forward and strike the automobile; and that Mrs. Countess received severe personal injuries as a result of that impact.

Appellee alleged that appellant's driver was negligent in the following particulars: (a) in driving his truck against the Santa Fe truck; (b) in driving his truck at a closer distance to the Santa Fe truck than was reasonable and prudent under the conditions then existing; (c) in failing to have his truck under reasonable control; (d) in failing to keep a proper lookout; (e) in failing to reduce the speed of his truck in time to avoid striking the Santa Fe truck; (f) in driving his truck at a greater rate of speed than an ordinarily prudent person would have driven under the same or similar circumstances; (g) in failing to apply the brakes in time to avoid the collision; and (h) in failing to turn his truck to the left in order to avoid the collision. In the alternative, appellee invoked the doctrine of res ipsa loquitur.

In his controverting affidavit to the plea of privilege, appellee relied upon section 9a, Article 1995, R.C.S., Vernon's Ann. Civ.St.

Appellant has several points of error, the substance of most of them being that the evidence is insufficient to support the implied finding that appellant's driver was guilty of negligence proximately causing the injuries complained of. After a careful study of the evidence, we have reached the conclusion that it supports the court's action in overruling the plea of privilege.

Mrs. Countess testified that the accident happened early in the afternoon; that the car in which she was riding had been going south on Calhoun Street, but its driver had stopped near the intersection of 15th Street to allow a left-hand turn by a car immediately in front of her car; that witness was sitting on the right side of the front seat, holding a baby; that while her car was stopped, a Santa Fe Railway Company truck struck it from the rear, the impact causing her head to fall back over the seat, severely injuring her about the head, neck, and back, as a consequence of which she was confined in a hospital for twenty-four days. She further testified that she heard a noise behind her and was in the act of turning around and looking toward the rear of her car when the collision occurred. Although she said she saw appellant's truck behind the Santa Fe truck, she did not know whether it struck the rear of the Santa Fe truck.

Sanders, the driver of the Santa Fe truck, testified that he was following two cars while going south on Calhoun Street on the occasion in question; that the car immediately in front of his vehicle stopped near the intersection of 15th Street; that he stopped behind the car; that appellant's truck collided with the rear of his truck "pretty hard," and that he believed the force of the impact shoved his truck forward. He testified that he did not know whether his truck collided with the car in front of it.

The driver of appellant's truck testified by deposition that he was involved in a truck collision in Fort Worth on the day in question; that his truck was loaded with feed, and that he was employed by appellant to haul the feed. He was not asked about the circumstances of the collision.

We agree with appellant that the burden was upon appellee to establish that his wife's injuries were proximately caused by negligence of appellant's driver. We

cannot agree, however, that such findings here could rest only in surmise or conjecture.

■ In a trial by the court where, as here, no findings of fact are filed or requested, we must presume that the court found all facts necessary to support the judgment, if the evidence put such facts in issue. Nunneley v. Weiler, Tex.Civ.App., 244 S.W.2d 707.

■ It is settled that both negligence and proximate cause may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635; Houston Electric Co. v. McLeroy, Tex.Civ. App., 153 S.W.2d 617.

It was undisputed that appellant's truck, in daylight, was driven against the Santa Fe truck; it was undisputed that the Santa Fe truck collided with the car in which Mrs. Countess was a passenger; the court could have found, and we must presume that it did find, that the impact of the collision between the trucks caused the Santa Fe truck to move forward and strike the car, causing the injuries complained of.

■■ We think it is the law that a motorist following another vehicle must drive at a reasonable speed, keep back a reasonable distance, and keep his vehicle under reasonable control so as to provide for the contingency of a car in front suddenly stopping; that he must maintain a proper lookout for the car in front, so that he can stop without a collision or can turn out and pass the vehicle in front without getting in the way of traffic approaching from the opposite direction. A question of fact as to the existence of negligence is usually presented when one motor vehicle overtakes and strikes one in front of it, going in the same direction. The collision itself is some evidence of negligence on the part of the driver who strikes a preceding car from the rear. Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol., 2, p. 143, sec. 942; Caraway v. Behrendt, Tex.Civ.App., 224 S.W.2d 512; Mueller v. Bobbitt, Tex.Civ.App., 41

S.W.2d 466; Houston Electric Co. v. McLeroy, supra.

We think that a prudent driver may stop at a street intersection and wait for the intersection to clear without anticipating that his vehicle will be struck by one approaching from the rear. The collision under investigation in this case is of a kind that does not usually happen. Seldom does such occur without negligence on the part of one of the three drivers. There seems to be no evidence that either the driver of the automobile or the driver of the Santa Fe truck was negligent. And if there be such evidence, the court was warranted in finding and is presumed to have found that no such negligence existed as would absolve appellant from responsibility.

■ We believe the rule to be that when an automobile stops at an intersection without negligence on the part of its driver, and a truck following it stops behind the car without negligence on the part of its driver, the driver of a third vehicle which strikes the rear of the second ordinarily has the duty of explaining why he did not stop. The rule in such cases is given in Rankin v. Nash-Texas Co., Tex. Civ.App., 73 S.W.2d 680, 683, as follows: "It may be stated as a wise and salient rule of law that, in trailing other automobiles, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front. One cannot run down a vehicle proceeding in the same direction, without having been guilty of some negligence in the operation of his own, unless it appears that the collision was due to contributory negligence of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents

a question of fact for the determination of a jury."

In O'Connor v. United Railroads of San Francisco, 168 Cal. 43, 141 P. 809, 811, it is said: "It must be apparent that in operating a street car over a public street a motorman cannot, under ordinary circumstances, run down a vehicle proceeding in the same direction without having been negligent in the operation of his car. The mere fact that he does so furnishes cogent evidence of negligence which is rarely capable of explanation. Richmond Traction Co. v. Clarke, 101 Va. 383, 43 S.E. 618; Vincent v. Norton, etc., Ry. Co., 180 Mass. 104, 61 N.E. 822; Thompson on Neg. § 1404. In this case no explanation of the conduct of the motorman was offered. It is true that at the trial both the motorman and conductor were beyond the jurisdiction of the court and could not be produced by defendant. But the fact remains that there was no explanation." See, also, Dunn v. Johnson, Tex.Civ.App., 274 S.W.2d 108.

We do not believe that Douglas v. Williams, Tex.Civ.App., 83 S.W.2d 686, and Conner v. Chatman, Tex.Civ.App., 272 S.W2d 136, relied on by appellant, are in opposition to the views here expressed.

■ Appellant insists that to prove an exception to exclusive venue, the evidence must be "clear and convincing," and cites Gunstream v. Oil Well Remedial Service, Tex.Civ.App., 233 S.W.2d 897, and C. M. Jeffries Trucking Co. v. Hutchinson County, Tex.Civ.App., 266 S.W.2d 391, as authority for the proposition. Both cases use such term. But whatever that rule may mean, we think it is enough to observe that the testimony as to the material circumstances in this case is clear and uncontradicted, and the judgment shows that it convinced the trial court.

■ We agree with appellant that the testimony of the officer McMillan that appellant's driver, some time after the collision, told him that his brakes would not hold was inadmissible. Appellant objected to the testimony because appellee had not alleged that appellant's truck was being operated while its brakes were defective, and because the testimony was hearsay and was not shown to have been res gestae. We do not know how much time elapsed between the collision and the conversation, and there is nothing to indicate that Lambert was under any agitation or excitement caused by the accident. The duty was upon appellee to show that the statement of the driver was so intimately connected with the transaction itself as to come under the res gestae exception to the hearsay rule. This, we think, was not done. However, we must assume that the court did not base its finding upon inadmissible testimony when there was enough admissible testimony in the record to support its findings. Hamill v. Bahr, Tex.Civ. App., 271 S.W.2d 319; Gordon v. Pledger, Tex.Civ.App., 271 S.W.2d 344; Gunstream v. Oil Well Remedial Service, Tex. Civ.App., 233 S.W.2d 897.

The judgment is affirmed.