John NIELSON and Alaska Overland, Inc.,
Appellants,

v.

Clinton DeWITT, Appellee.

No. 345.

Supreme Court of Alaska.

March 31, 1964.

R. J. McNealy, Henry J. Camarot, Mc-Nealy, Merdes & Camarot, Fairbanks, for appellants.

Karl L. Walter, Jr., Robert A. Parrish, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This is a personal injury action arising from a rear end automobile collision. The trial judge directed a verdict in favor of the plaintiff-appellee as to liability, refused to submit to the jury the question of whether appellee was contributorily negligent, and submitted the question of damages to the jury which returned a verdict for appellee in the sum of $10,000. Appellants have appealed, claiming that the questions of whether appellants were negligent and appellee contributorily negligent ought to have been submitted to the jury for determination.

Appellee had stopped his car to make a left turn. Appellant Nielson, driving a bus of appellant Alaska Overland, Inc., was approaching appellee from the rear, having come from a stopped position out of an intersection. He first observed appellee's car 300 feet away, and saw that appellee was stopped and was signaling for a left turn. Nielson testified that he was driving at five miles per hour when he first observed appellee's car, and that as he approached appellee he increased his speed to ten to fifteen miles per hour. When Nielson was

150 feet away he noticed that appellee had not made the left turn. He then attempted to stop, and the bus went into a forward skid. Nielson turned the wheels to the right in an attempt to avoid appellee, but the front wheels did not hold and his bus skidded into the rear of appellee's car, knocking it approximately 175 feet down the road. The temperature was below zero, the road was extremely icy, and the visibility was good. Skid marks of Nielson's bus measured about 40 feet.

Nielson was a straightforward witness. From his testimony it is clear that he had not slowed down or attempted to stop his bus earlier because he had anticipated that by the time he would reach the place where appellee had stopped, the latter would have completed a left turn and left the road open for Nielson to continue on through. Nielson simply had guessed wrong, and by the time this realization came to him it was too late to stop without hitting appellee's car because of the icy road and the speed of the bus. This is such an obvious case of lack of care on Nielson's part that there is no room for diversity of opinion among reasonable men as to whether he had exercised proper care. They could only come to the conclusion that he was negligent. The judge was correct in directing a verdict for appellee on the question of liability.[1]

The judge was also correct in refusing to submit to the jury the question of whether appellee was contributorily negligent. The fact that appellee had not made a left turn at the time Nielson thought he would does not give rise to any inference of negligence on appellee's part. Appellee had the right as a prudent driver to stop for a left turn without anticipating that his car would be struck by one approaching from the rear.[2] There were no other facts which could give rise to an inference that appellee was contributorily negligent.

The judgment is affirmed.

---

1. See Snipes v. March, Opinion No. 132, 378 P.2d 827, 828–829 (Alaska 1963).

2. Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex.Civ.App.1956).