KRUEGER ENGINEERING & MANUFAC-
TURING COMPANY, Inc., Appellant,

v.

OIL & GAS BUILDING OF HOUSTON, INC.,
Appellee.

No. 62.

Court of Civil Appeals of Texas.

Tyler.

July 16, 1964.

———————◆———————

Dempsey J. Prappas, Houston, for appellant.

George D. Neal, Houston, for appellee.

MOORE, Justice.

This is a suit on sworn account filed by the Appellant, Krueger Engineering & Manufacturing Company, Inc., against the Appellee, Oil & Gas Building of Houston, Inc., wherein Appellant sues for labor and

material alleged to have been supplied Appellee in the repair of a condenser on an air conditioning unit amounting to the sum of $1,783.39, and alternatively for a recovery in quantum meruit for the services, labor and material furnished in repairing the condenser, together with a reasonable attorney's fee. Appellee denied that the prices charged were reasonable and further plead that the condenser was not repaired; that after the attempted repairs were made, the unit would not function, was unfit for use and was rendered totally useless and worthless.

The trial was before the court without a jury. At the close of the testimony, the court rendered judgment in favor of Appellee, Oil & Gas Building of Houston, Inc. In response to Appellant's request, the court filed the following *Findings of Fact* and *Conclusions of Law:*

### "FINDINGS OF FACT

"1. On February 23, 1959, the Defendant did execute and deliver to the Plaintiff purchase order No. 2063, for the doing of the following work:

> " 'Repairing one (1) 50 ton Carrier Condenser at $7.50 per hour plus materials, preliminary estimate approximately $600.00 total. We, Building Corporation, to be refunded salvage on brass tubes removed from unit.

> " '/s/ F. P. Campbell, Mgr.'

"2. The Plaintiff did furnish to the Defendant goods, wares, merchandise, materials, service and labor of the reasonable value of $1,783.39 in an endeavor to repair the 50 ton Carrier Condenser.

"3. The materials furnished by the Defendant in attempting to repair the condenser were installed in a defective condition.

"4. The labor and services rendered by the Plaintiff in repairing said condenser was done in an unskillful, unworkmanlike and improper manner.

"5. After the attempted repairs and furnishing of said material, services and labor, the condenser would not properly perform its functions as a part of Defendant's air conditioning system.

"6. The Defendant did not derive any benefits from the repairs made by Plaintiff on said condenser and said condenser had to be replaced with a new condenser.

"7. The Defendant has received no benefits from the goods, wares, merchandise, materials, services and labor performed by the Plaintiff in the attempted repair of said condenser and said condenser after such goods, wares, merchandise, materials, services and labor were furnished to and for the Defendant in the repairs of said condenser, was worthless and unfit as a condenser for use in service as part of the air conditioning system of the Defendant.

"8. The attorney for the Plaintiff, Dempsey J. Prappas, Esq., would be entitled to an attorney's fee in the reasonable sum of $450.00, if the Plaintiff had been entitled to a recovery.

### "CONCLUSIONS OF LAW

"1. The purchase order furnished and delivered by Defendant to Plaintiff for the repair of the condenser did not form a contract limiting the cost of the repairs to approximately $600.00, but the Defendant, if entitled to recover at all, would be limited to a recover on quantum meruit.

"2. The consideration for the goods, wares, merchandise, materials, services and labor furnished by

the Plaintiff to the Defendant in the repair of the condenser failed, as such materials were installed in an improper and defective manner and condition and the work of installing same was done in an unskillful, improper and unworkmanlike manner.

"3. The Plaintiff cannot recover, for it has rendered no services to the Defendant which were useful to the Defendant nor were any of the materials furnished by Plaintiff of any value to the Defendant as the condenser, after the repairs and installation of the material, was worthless except for scrap iron value, and were worthless for the purpose as a part of the Defendant's air conditioning system."

By numerous points of error, Appellant seeks a reversal of the judgment, contending that the trial court erred (1) in allowing Appellee's witness Schultz, over his objection, to give opinion testimony, (2) in allowing the witness Schultz, over his objection, to give hearsay testimony, and finally (3) that the findings made by the trial court was not supported by the evidence.

■■ The record reflects that the witness Schultz was the building engineer for the Appellee. He had been employed in this capacity for approximately twenty-five years and had been familiar with the air conditioning unit in question since the time it was installed in the Oil & Gas Building in 1939. Over Appellant's objection the witness Schultz was permitted to testify that when he came to work one morning, he found that the Appellant's employee, Gordy, who was employed to repair the unit, had placed the tubes in an upside down position in the condenser. This was objected to as being a conclusion. He was also

permitted to testify that after the repairs were made the unit was useless, to which counsel objected as being a conclusion. Neither of the objections to these questions is thought to be well taken. The former was obviously not a conclusion, but merely what he observed, while the latter was an expression of opinion as to the usefulness of the unit based upon his long experience as a building engineer and was clearly admissible.

Neither do we believe the other testimony given by this witness was subject to an objection on the ground of hearsay. In this connection, the record shows that while Appellant's employee, Gordy, was in the process of repairing the unit, Schultz related to him what another engineer had told him as to where the level of the liquid should be in the bottom of the unit, which in our opinion cannot be construed to be hearsay.

■ Furthermore, there was an abundance of other evidence in the record upon which the learned trial court could have based its judgment. This cause having been submitted to the court without the intervention of a jury, it must be presumed upon this appeal that the trial judge disregarded all evidence which may have been improperly received and in no manner considered it in arriving at the judgment. Gordon v. Pledger (Tex.Civ.App.), 271 S. W.2d 344; 24 Tex.Jur.2d par. 553.

■ Appellant's points asserting that there is no evidence to support the findings made by the trial court must be overruled. On examining the record in the light most favorable to support the findings, as we are required to do, we find that there is ample evidence to support each of the findings as well as the judgment based thereon. Campbell v. Swinney (Tex.Civ.App.), 328 S.W. 2d 330; 4 Tex.Jur.2d par. 839.

The judgment is affirmed.