Sandra M. BIRD et vir, Appellants,

v.

Norman ROSENBERG, Appellee.

No. 14597.

Court of Civil Appeals of Texas.

Houston.

June 17, 1965.

Painter & Painter, James R. Roos, Houston, for appellants.

Baker & Branch, Bill J. McGehee, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from an order overruling appellants' plea of privilege to be sued in Grayson County.

The suit is one to recover damages resulting to appellee from injuries received by him when his automobile was in collision with an automobile driven by Mrs. Bird. The collision occurred in Houston. Venue was held to be established under Subdivision 9a of Article 1995, Vernon's Ann.Tex. Civ.St.

Appellee pled negligence and proximate cause only in general terms.

Mr. Rosenberg, the plaintiff, testified he had been driving north on Weslayan Street and brought his automobile to a stop at an intersection. There were automobiles ahead of him that had stopped in obedience to a traffic light showing red at a street intersection. He had been stopped for several seconds when the automobile driven by Mrs. Bird hit his automobile from the rear. Mrs. Bird told him she was in a hurry to keep a dental appointment. She apologized for having hit him.

The investigating officer testified the accident happened about 9:40 o'clock in the morning. He testified also that Mrs. Bird told him she was traveling north in the middle lane at a slow rate of speed and as she started to change lanes the automobile jumped the right curb portion of it and she hit the rear of the car in front of her. At the time the surface of the road was dry. The day was cloudy.

Appellants' position is that all that the evidence shows is that an accident occurred and this alone does not give rise to an inference of negligence.

There is evidence of probative force to support the trial court's presumed finding of negligence which was the proximate cause

of the collision. Where the evidence shows that a party drives his automobile into the back of another automobile that is, and has been for some time stationary in obedience to a traffic control signal at an intersection and there is no evidence tending to excuse the act, negligence on the part of the offending driver is a legitimate inference. Negligence may be inferred from circumstances. Bock v. Fellman Dry Goods Co., Tex.Com. App., 212 S.W. 635; Renshaw v. Countess, Tex.Civ.App., 289 S.W.2d 621, no writ history.

Affirmed.