STAFFORD v. PATTERSON & NELSON.
(No. 8321.)

(Court of Civil Appeals of Texas. Ft. Worth. Feb. 12, 1916.)

1. EVIDENCE ⊜⟳148—COMPETENCY—IDENTITY OF PARTIES—KNOWLEDGE OF WITNESS.

Where plaintiff buyer of cotton seed and defendant seller testified that they were the only persons present at their meeting when the buyer claimed the contract of sale was made, evidence of a witness who testified that at the time and place in question he heard a conversation between the buyer and a man whom he did not know, but who resembled the seller, being about his size, and who was the seller, in the opinion of the witness, that the conversation between buyer and seller as heard by him was substantially as detailed by the seller, was improperly excluded in the buyer's suit for failure to deliver.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 438; Dec. Dig. ⊜⟳148.]

2. APPEAL AND ERROR ⊜⟳1064(1)—HARMLESS ERROR—INSTRUCTION.

In an action for failure to deliver cotton seed, the charge that, if the jury believed from a preponderance of the evidence that the contract was not made as alleged, they would find for defendant, if erroneous as placing the burden upon defendant to show by a preponderance of evidence that he did not enter into the contract of sale alleged, was not reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4219; Dec. Dig. ⊜⟳1064 (1); Trial, Cent. Dig. §§ 475, 525, 528, 553.]

3. GARNISHMENT ⊜⟳250 — WRONGFUL GARNISHMENT—DAMAGES—LOST PROFITS—SPECULATIVE CHARACTER.

In an action for failure to deliver cotton seed sold, the alleged seller could not recover, as damages on his counterclaim for profits lost by the buyer's having garnisheed his bank account and prevented his withdrawing a sum of money, $195 which would have been his profits on the sale of cotton seed to another buyer could he have withdrawn the money from the bank to pay the freight on the seed.

[Ed. Note.—For other cases, see Garnishment, Dec. Dig. ⊜⟳250.]

Appeal from Stonewall County Court; R. S. Tillotson, Judge.

Suit by E. A. Patterson and D. C. Nelson, composing the copartnership firm of Patterson & Nelson, against Lee Stafford. From a judgment for plaintiffs and denying defendant any recovery on his counterclaim, defendant appeals. Judgment reversed, and cause remanded.

W. J. Arrington, of Paducah, and Carl Springer, of Aspermont, for appellant. J. M. Carter, of Dallas, and Nelson & Hunter, of Wichita Falls, for appellees.

DUNKLIN, J. This suit was instituted by E. A. Patterson and D. C. Nelson, composing the copartnership firm of Patterson & Nelson, against Lee Stafford, to recover $100 as profits which plaintiffs alleged they lost by reason of the failure of defendant to deliver to them five cars of cotton seed in accordance with his contract so to do. By writ of garnishment issued and served upon the First National Bank of Aspermont defendant was prevented from withdrawing from the bank the sum of $90.90 to his credit, and by reason of that fact defendant filed a counterclaim against plaintiffs for $195 as damages for alleged wrongful suing out of said garnishment writ. The suit originated in the justice court, and later was appealed to the county court. A judgment was rendered in the latter court in plaintiffs' favor for $25 and denying defendant any recovery on his counterclaim. From that judgment defendant has appealed to this court.

According to the testimony of D. C. Nelson, he met the defendant in Aspermont on the night of January 17, 1915, at which time the defendant entered into a parol contract with him to sell plaintiffs' firm five cars of cotton seed, aggregating 100 tons, at $22 per ton, that thereafter defendant breached his contract and that the market price of the seed had advanced $2 to $3 per ton.

Defendant testified to the meeting with Nelson on the night of January 17th, but flatly denied that he made the alleged contract at that time. He further testified that on the following morning he saw Nelson at

the depot as the latter was leaving town, and in that connection testified as follows:

"Nelson came up to me just before the train pulled out for Spur, and said to me: 'You had better let me have those seed.' I told him that, if I did not get a better price than he had offered, I would let him have them, and if I decided to let him have them I would wire him at Spur. He then said to me: 'If you decide to let me have them, wire my partner E. A. Patterson, at Wichita Falls, Tex.'"

Defendant further testified that Herman Shadle was present on that occasion. Nelson denied that conversation altogether. Defendant introduced Shadle as a witness, who testified that he was present at the depot on the occasion mentioned by defendant, and that he heard a conversation between defendant and a man whom he did not know, but who resembled Nelson, being about his size, and who in the opinion of the witness was Nelson. Had he been permitted to do so that witness would have testified that the conversation between Nelson and defendant so heard by witness was substantially to the same effect as detailed by defendant and noted above. But plaintiffs objected to that testimony, on the ground that the witness had not sufficiently identified Nelson as the man with whom defendant talked, and the objection was sustained.

[1] According to the testimony of both Nelson and Stafford, those two were the only persons present at their meeting on the night of January 17th, when Nelson claims the contract in controversy was made, and in view of the conflict between their testimony with respect to what was said on that occasion and also with respect to what, if anything, was said between them at the depot on the following morning, we are of the opinion that there was reversible error in excluding the proffered testimony of the witness Shadle. While he could not positively identify Nelson as the man he saw in conversation with defendant, we believe that the facts detailed by him, especially when considered in connection with the testimony of defendant, who said he saw Shadle present on that occasion, afforded sufficient predicate prima facie for the admission of the testimony.

[2] Following an instruction to the jury, in which the making of the alleged contract was submitted as a disputed issue, and the burden of proof upon that issue was imposed upon plaintiffs, the court gave this further instruction, which is assigned as error:

"If, however, you believe from a preponderance of the evidence that said contract was not made as alleged, then you will find for the defendant."

The criticism presented is that by the instruction quoted, the court placed the burden upon defendant to show by a preponderance of evidence that he did not enter into the contract alleged. The instruction was favorable to the defendant, and at all events would not be reversible error. Abilene Light &

Water Co. v. Robinson, 146 S. W. 1052, and authorities there cited. However, we suggest that on another trial the charge be so framed as to leave no ground for the criticism.

[3] Error has been assigned to the instruction given upon appellant's counterclaim for alleged profits he would have made in his business, if he had been permitted to draw his money from the bank. That assignment is overruled for the reason that, in our opinion, the damages so claimed were not recoverable at all. According to allegations in the plea of reconvention, at the time the writ of garnishment was served on the bank defendant had already contracted to sell five cars of cotton seed to another purchaser at a profit of $195 and was ready to ship, and would have shipped, the same to such purchaser, and realized such profit if he could have used for payment of freight thereon the $90.90 in bank which was tied up by the garnishment; but, as he was unable to withdraw such funds, and was unable to procure other funds necessary to pay such freight, he was unable to make the contemplated sale, and thereby lost said profits. The damages so alleged were not such damages as plaintiffs could reasonably have anticipated as a natural and probable result of suing out the writ, but were special damages only, very remote and speculative, and if under any supposable contingencies they could be recovered, no facts were alleged or proven sufficient to put plaintiffs on notice that such special losses to defendant might probably result in consequence of the levy of the writ.

For the error indicated, the judgment is reversed, and the cause remanded.