## HOLMAN BROS. v. CUSENBARY et al. (No. 6430.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1920. Rehearing Denied Nov. 10, 1920.)

1. Sales ⊚⇒168(4) — Sale of sheep executed, where inspection made and they were satisfactory.

If sheep sold were inspected within a few days after the sale, and were satisfactory to the buyers, the sale was executed; nothing remaining to be done, except payment by the buyers.

2. Sales ⊚⇒166(1)—No sale of sheep contracted to be free from scab, unless condition complied with.

Where there was a sale of sheep, conditioned oṅ their delivery free from scab, there was no sale, unless the sheep were delivered in such scab-free condition.

3. Sales ⊚⇒391(7)—Buyers of uninfected sheep, who refused delivery of infected animals, entitled to recover amount paid.

Where sheep were contracted to be sold free from scab, and were not received by the buyers because they were so diseased, the buyers are entitled to recover from the sellers the amount paid on the sheep.

4. Sales ⊚⇒418(3)—Sellers who failed to deliver uninfected sheep liable in damages for difference between contract price and market value in proper condition.

If sheep sold were not delivered uninfected by scab, as contracted for, on or about the date specified, the sellers were liable in damages, as claimed by the buyers, for the difference between the contract price and the market value of the sheep in proper condition.

5. Appeal and error ⊚⇒553(1) — Statement of judge serves all purposes of bill of exceptions.

A statement of the judge, certifying that he advised with the jury without the knowledge or presence of plaintiffs, serves all the purposes of a bill of exceptions, for it is the approval by the trial judge that gives force and effect to a bill of exceptions.

6. Appeal and error ⊚⇒1069(3)—Trial ⊚⇒312(3)—Advice by judge to jury after retirement illegal, in absence of plaintiffs.

It was illegal for the trial judge orally to advise the jury after their retirement without the knowledge or presence of plaintiffs, and such action is sufficient cause for reversal of the judgment whether or not it affected the verdict.

Appeal from District Court, Sutton County; James Cornell, Judge.

Suit by Holman Bros. against Annie E. Cusenbary and others. From judgments for defendants, plaintiffs appeal. Reversed, and cause remanded.

Wardlaw & Elliott, of Sonora, for appellants.

Anderson & Upton, of San Angelo, for appellees.

FLY, C. J. This is a suit instituted by appellants to recover of Annie E. Cusenbary, W. R. Cusenbary, Ben Cusenbary, and Hattie Cusenbary the sum of $1,000, which had been paid on certain sheep sold by appellees to appellants, and for the sum of $2,375, damages arising from failure to deliver the sheep free from disease of scab or scabies. The cause was submitted to the jury on special issues, but in spite of that fact, and without the request of either party, the court filed his conclusions of fact and law, in one of which conclusions of fact the judge stated:

"That after the retirement of the jury the court was called upon by them to explain special issue No. 1, .and the effect of an affirmative answer thereto, and did so, but would not have done so, but for the fact that he was then of the opinion that the testimony was not conflicting upon that point, and was all in support of an affirmative answer, and then of the opinion that peremptory instruction should have been given in favor of the defendants, because the issue embraced in said special issue No. 1 was proven by the defendants, and likewise proven by the testimony of the plaintiffs, and in the opinion of the court is decisive of the case in favor of the, defendants."

Appellants made the action of the court, in communicating with the jury, one of their grounds for a new trial. The following are the only issues submitted by the court, with the answers appended:

"Special Issue No. 1: Was it, on July 17, 1919, agreed by and between plaintiffs and defendants under any contingency whatever that if, at the time the sheep were agreed to be delivered, they should be found to be infected with scab or scabies, that the plaintiffs should nevertheless receive them? Answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 2: Were the sheep aforesaid infected with the scab or scabies at the time at which they were to have been delivered under the agreement of the parties? Answer 'Yes' or 'No.'

"Answer: Yes.

"Special Issue No. 3: If you have answered special issue No. 2 in the affirmative, then answer this question: Did the defendants know, or could the defendants have learned by the use of reasonable diligence, that such sheep were so infected in time to have rid them of such scab or scabies prior to the date upon which de-

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

livery was to be made under the agreement of the parties? Answer 'Yes' or 'No.'

"Answer: 9, no; 1, yes.

"Special Issue No. 4: What was the aggregate market value of the 820 head of sheep so agreed to be delivered at the time at which they were rounded up for delivery on September 4, 1919?

"Answer: $15.00 per head."

It was alleged by appellants that on or about July 17, 1919, a verbal contract was made between them and appellees by which it was agreed that appellees in consideration of $12.50 per head to be paid by them, would deliver to them about 950 head of sheep free of scab, on or about September 1, 1919, at the ranch of appellees, about 21 miles south of Sonora, in Sutton county; that $1,000 was given to appellees in part payment for the sheep; that appellants, on September 1, were ready to perform their part of the contract, but that the sheep, when tendered for delivery by appellees, were badly infected by the scab, and could not under the laws of Texas be delivered or accepted. It was further alleged that the sheep were infected at the time the contract was made, and that fact was known to appellees. In addition to the recovery of $1,000 paid to appellees, appellant sought to recover the sum of $2,375, "being the difference in the contract price and the reasonable market value of the sheep on or about September 1, 1919."

Appellees answered by general demurrer and general denial. The general demurrer was overruled. Appellees sought to defend against the claim of appellants on the ground that there was an inspection of the sheep in July, by which appellants were bound, and under which appellants received the sheep.

[1] If the contract, as contended by appellees, was an executed one, of course the sheep were the property of appellants, and they could not refuse to accept the sheep by reason of the scab having developed before September 1, when the delivery was to be made. If the sheep were inspected within a few days after the sale was made, and were satisfactory to appellants, then under the testimony of both parties the sale was executed; nothing remaining to be done except payment by appellants for the sheep. In other words, if the first inspection was made under the terms of the contract, and was accepted as satisfactory by both parties, the sheep became the property of appellants, and they would be compelled to pay for them, although scab afterwards developed among them. The issue in the case was not submitted by the court to the jury, and in his gratuitous and illegal findings of fact and conclusions of law this issue is ignored by the court.

[2-4] The petition showed that there was a sale conditioned on the delivery of sheep free from scab, and of course there was no sale unless the sheep were delivered in that condition. The pleadings showed that the sheep were not received by appellants because they were diseased, and undoubtedly under the pleadings appellants should be entitled to recover the $1,000 paid on the sheep, as well as any other damages which might arise from a failure to deliver uninfected sheep. If the sheep were not delivered as contracted on or about September 1, 1919, appellees were liable in damages, as claimed by appellants, for the difference between the contract price and the market value of the sheep in proper condition. Sutherland, Damages (4th Ed.) § 656.

[5, 6] The court filed a paper, which is denominated in the record "Findings of Fact and Conclusions of Law," and in that document the judge made the statement hereinbefore copied as to his communication with the jury, after their retirement, and also stated that he advised with the jury "in the absence of plaintiffs and counsel." He admits this act should under certain circumstances cause a reversal of the judgment. The statement of the judge served all the purposes of a bill of exceptions, because he certifies that he advised with the jury without the knowledge or presence of appellants, and no more could have been accomplished by a regular bill of exceptions, for it is the approval by the trial judge that gives force and effect to a bill of exceptions. Appellants objected to the court's action as evidenced in their motion for new trial. We are not informed what advice was given to the jury by the trial judge, nor does it matter, for his advice to the jury after retirement was illegal, and is sufficient to reverse the judgment, whether it affected the verdict or not. The advice was not given in writing, and appellants were not given the benefit of it. Railway v. Byrd, 102 Tex. 263, 115 S. W. 1163, 20 L. R. A. (N. S.) 429, 20 Ann. Cas. 137; Railway v. Kjellberg (Tex. Civ. App.) 185 S. W. 430. A reversal must follow the action of the judge in advising with the jury as stated by him.

The judgment is reversed, and the cause remanded.