## REYNOLDS v. SANDEL.

### No. 3968.

Court of Civil Appeals of Texas. El Paso.

July 5, 1940.

T. H. Neel and James H. Starley, both of Monahans, for appellant.

J. B. Ogden, of Kermit, for appellee.

WALTHALL, Justice.

Appellee has not filed a brief in this court.

This case was originally filed in the Justice of the Peace Court and prosecuted to final judgment in November, 1938. In the Justice's Court, on a jury verdict, judgment was rendered that plaintiff Sandel take nothing by his suit, and that defendant Reynolds recover of plaintiff on his cross-action $50 for wrongful garnishment, and for interest and costs of suit. The case was, appealed to the County Court where it was again tried to final judgment.

At the succeeding May term of the County Court the court sustained Sandel's motion to dismiss defendant Reynolds' cross-action, and at the May term the court over-ruled each of two motions of Reynolds, filed one in February and one in May, to strike from the docket Sandel's appeal and to issue the court's order of procedendo to enforce the judgment of the Justice's Court.

At the August term of the County Court the parties proceeded to trial on Sandel's suit, his suit being based on an assigned account to him from Gus Woods for $47.90. The case was tried to a jury upon special issues. Judgment was entered in favor of plaintiff Sandel and against defendant Reynolds for $38.70 and costs. The court overruled Reynolds' motion for a new trial, and he duly prosecutes this appeal.

At the February term of the County Court, 1939, succeeding the judgment of the Justice's Court in November, 1938, no transcript from the Justice's Court had been filed in the County Court, but the original papers filed in the Justice's Court had been delivered to the clerk of the County Court, but no true and correct copy of all entries made on the docket of the Justice's Court;

nor was there a certified copy of the bill of costs taken from the justice's fee book, as provided by Article 2459 of the Revised Civil Statutes, 1925.

Of this Reynolds complains.

The transcript was filed on May 18, 1939, when the case was tried and final judgment rendered.

Article 2460, R.S.1925, provides for a writ of certiorari on appeal to bring up the absent papers. The record does not show that any effort was made to have the transcript and certified copies, other than a request to the justice.

█ It seems to us to be appellant's duty to have the proper papers brought up from the Justice's Court.

The court was not in error in overruling the motion.

Appellant complains of the action of the court in dismissing his cross-action.

The cross-action was based upon an alleged wrongful issue of a writ of garnishment, in that it impounded money alleged to be owing appellant in the hands of the garnishee. The garnishee acknowledged the indebtedness to appellant.

█ In the absence of any evidence on the fact tendered we are unable to decide the question with any degree of certainty. The damage would be determined by the loss sustained. We think it would be better practice to hear the evidence. The damage may prove to be speculative only. Loss of profits are not damages which can reasonably be anticipated as a natural and probable result of the suing out of the writ, and so are not recoverable. Stafford v. Patterson & Nelson, Tex.Civ.App., 184 S. W. 1095.

In view of the disposition we must make of the case under the succeeding proposition we think it best to overrule this proposition and let the court hear the evidence on the cross action.

█ The bill of exception approved by the court shows that after the case had been heard upon its merits and submitted to the jury upon special issues, and after the jury had retired to the jury room to consider their verdict, the court was informed by the bailiff that the jury desired to communicate with the court for further instructions; that the judge thereupon retired to and within the jury room; counsel, upon the judge's return to the court room, called the court's attention to the court's

failure to comply with the provisions of the law in regard to communications between the court and the jury after the jury's retirement for deliberation and with reference to further instructions to the jury after retirement.

Appellant embraced the above action of the court in his motion for a rehearing. The court overruled the motion, to which appellant duly excepted, and assigns error.

It is hardly necessary to discuss the assignment. Articles 2197 and 2198 of the Revised Civil Statutes, 1925, clearly provide that the communication between the court and jury must be in open court and with the jury's foreman.

The above action of the court is cause for reversal of the case. Holman Bros. v. Cusenbary, Tex.Civ.App., 225 S.W. 65.

For reasons stated, the case is reversed and remanded.