**HOUSEHOLD FINANCE CORPORATION OF DALLAS, Appellant,**

v.

**Nicolas V. REYES, Appellee.**

**No. 7775.**

Court of Civil Appeals of Texas.

Texarkana.

Nov. 15, 1966.

Rehearing Denied Dec. 6, 1966.

Joe S. Moss, Houston, for appellant.

Eugene A. Smith, Simon M. Frank, Anderson & Frank, Houston, for appellee.

CHADICK, Chief Justice.

This is an appeal from a trial court order quashing a writ of garnishment. The judgment of the trial court is affirmed.

The record presented shows this garnishment proceeding to be ancillary to an action pending in a district court of Harris County. The garnishment affidavit filed in the trial court by Household Finance Corporation of Dallas says that its "original petition was filed and such suit was commenced in the above court [61st Judicial District Court] on the 29th day of October, A.D. 1965, where it is still pending on the docket of said Court as Cause No. 685,-738; that the plaintiff therein and thereby sues Ramiro Bustillos and Carmen Bustillos, husband and wife, and Nicolas V. Reyes, defendants, for debt to recover the sum of One Thousand Dollars ($1,000.00); * * *"; but the transcript does not contain the pleading in the principal suit. A motion to quash filed by appellee Reyes, as defendant in the trial court, states:

"That the Plaintiff in garnishment, Household Finance Corporation of Dallas, alleges in its suit under Cause No. 685,738 that they hold a Note and Chattel Mortgage as against this Defendant,

Nicolas V. Reyes, and as security on such Note they hold a lien and Chattel Mortgage against certain furniture and a Pontiac automobile as belonging to the defendants, Ramiro Bustillos and Carmen Bustillos. That such personal property is security for such Note and Chattel Mortgage, that the creditor, the Plaintiff in Garnishment, Household Finance Corporation of Dallas, have a lien and Chattel Mortgage against said property * * *."

Although the appellant's brief asserts the trial court heard evidence on the motion to quash, a statement of facts has not been filed herein.

It may be assumed that proof was introduced in the trial court supporting the judgment rendered in the absence of a statement of facts. Root v. Hester, (Tex. Ct.Civ.App.1958), 309 S.W.2d 480, wr. ref.; Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683. That assumption is made here.

The amount of the debt Household Finance Corporation of Dallas seeks to collect from Reyes with the aid of the writ of garnishment is contingent and uncertain until the security for its debt is exhausted, that is, the lien on personal property is foreclosed, the property sold and the amount of the proceeds of the sale deducted from the original amount of Reyes' indebtedness alleged by Household Finance Corporation of Dallas in its petition in the principal suit. In Teague v. Fairchild (Tex.Com. App.1929) 15 S.W.2d 585 where, as here, the security had not been exhausted, it was held that the trial court could not because of the uncertainty, render a final judgment for a definite sum in the garnishment proceeding. A writ of garnishment may not issue when the indebtedness is contingent or uncertain. "Garnishment", 26 Tex.Jur.2d 674, § 11; 6 Am.Jur.2d 602, § 57. Because of the uncertainty in the amount of the debt, the trial court properly quashed the writ.

The judgment of the trial court is affirmed.