Walter L. HARRIS, Appellant,

v.

The GLEN FALLS GROUP, Appellee.

No. 671.

Court of Civil Appeals of Texas,
Corpus Christi.

Feb. 29, 1972.

Rehearing Denied April 13, 1972.

Sorrell, Anderson, Sorrell & Atwill, William R. Anderson, Jr., Corpus Christi, for appellant.

Branscomb, Gary, Thomasson & Hall, Gary Norton, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This is a suit on a fire and extended coverage insurance policy, instituted by Walter L. Harris, the insured, plaintiff-appellant, against The Glen Falls Group, the insurer, defendant-appellee, to recover damages sustained to a house as a result of Hurricane Celia. After non-jury trial, a take-nothing judgment was rendered for The Glen Falls Group. Walter L. Harris has duly appealed.

The case was tried on a stipulation of facts duly filed and ultimately approved by the trial court. It appears from the stipulation that appellee issued a fire and extended coverage insurance policy to appellant on

February 24, 1969 that covered a rent house owned by appellant shown on the face of the policy to be located at 1112 Brownlee, Corpus Christi, Texas. This house sustained damage in the amount of $2,961.50 on August 3, 1970, when the Corpus Christi area was struck by Hurricane Celia. The policy provided for coverage in the amount of $3,500.00 and contained a $100.00 deductible clause. The total premium for the policy was $85.00. Appellant paid $34.00 down on the premium and executed a note for the balance, to be paid in two annual installments of $28.02 each, with the first installment being due on February 24, 1970.

The address of appellant was shown on both the policy and the premium note to be 1112 Concho, Corpus Christi, Texas. Appellant lived at that address until about November 1, 1969, when he moved to 432 Brooks Drive, Corpus Christi, Texas. On or about November 1, 1969, appellant notified the U. S. Postal Service to forward his mail to his new home address. After the policy was issued, it was discovered that the property insured was erroneously listed as being located at 1112 Brownlee instead of 1110 Brownlee. Appellee issued a General Change Endorsement whereby the correct address of the property was shown to be 1110 Brownlee in lieu of the address originally shown on the policy. This General Change Endorsement was mailed and addressed to appellee at 1110 Brownlee and was actually received by him before August 3, 1970, when the premises were damaged by the hurricane. At no time did appellant live at 1110 Brownlee, but at all times the house at that address was occupied by appellant's tenant. Appellant never notified appellee that he had changed his address.

The installment ($28.02) on the premium note was not paid on February 24, 1970, the date that it was due. On March 16, 1970, appellee mailed a Notice of Cancellation of the policy for failure to pay the premium when due, addressed to appellant at 1110 Brownlee, Corpus Christi, Texas. This Notice was never received by appellant and was returned to appellee marked "Unclaimed".

Appellant, on or about August 27, 1970, filed with appellee a sworn statement of proof of loss for the damage that occurred to the house at 1110 Brownlee on August 3, 1970. Appellee, on November 2, 1970, wrote a letter to appellant, addressed to him at 1110 Brownlee, advising him "we must reject this Proof of Loss due to the fact that no coverage was in effect at the time the loss occurred", and "Our file indicates that the policy was cancelled on 3–31–70 and that a return premium in the amount of $53.55 was made". Appellant received this written memoranda of rejection. Thereafter, on November 4, 1970, appellant tendered the past due premium to appellee, which it refused.

Appellee filed a general denial and also affirmatively plead "Plaintiff failed to pay the installment premium when it became due, and as a result of his failing to pay the installment premium when due, the policy in question was suspended, cancelled and forfeited by Plaintiff".

The trial court filed findings of fact and a conclusion of law reading as follows:

## "FINDINGS OF FACT

On July 14, 1971, plaintiff requested that this Court make in writing Findings of Fact in connection with this case separately from its Conclusions of Law. Upon trial of this case the court found, and the court hereby makes its Findings of Facts to be each of the facts set forth and numbered 1 through 21 of the Stipulation of Facts signed and agreed to by plaintiff and defendant on June 16, 1971, a copy of which Stipulation of Facts is attached hereto and incorporated herein as if set forth in its entirety.

## CONCLUSION OF LAW

Upon trial and by entry of judgment, the court concluded and the court hereby makes its Conclusion of Law to be that the coverage of the Fire and Extended Coverage Insurance Policy No. F 88–82–30 issued by Glens Falls Insurance

Company, defendant, to Walter L. Harris, plaintiff, was suspended and not in force and effect on August 3, 1970 when Walter L. Harris' house located at 1110 Brownlee was damaged by Hurricane Celia."

Appellant's sole point of error reads as follows:

"The trial court erred in finding that the coverage of insurance policy No. F 88–82–30 was suspended and not in force and effect on August 3, 1970, when Walter L. Harris' house at 1110 Brownlee, Corpus Christi, Texas, was damaged by Hurricane Celia".

Appellee, in its brief, says:

"The sole issue on appeal in this case is whether the coverage of the Fire and Extended Coverage Insurance Policy in question was or was not 'suspended' (as distinguished from 'cancelled') on August 3, 1970 when Walter L. Harris' house located at 1110 Brownlee was damaged by Hurricane Celia. Whether the policy was 'cancelled' before then is not an issue on this appeal."

It is clear that we are not called upon to determine whether the policy was cancelled by the appellee insurance company at the time in question. However, in connection with the question of "cancellation" see the cases of Crisp v. Security National Insurance Co., 369 S.W.2d 326 (Tex.Sup., 1963) and American Insurance Co. v. First Savings & Loan Ass'n, 434 S.W.2d 170 (Tex. Civ.App., Ft. Worth, 1968, writ ref. n. r. e.). We will, therefore, confine our consideration to the issue of "suspension" only.

Appellee contends that "when an insured defaults in the payment of a premium due on a policy pursuant to an installment premium note, the insurer's liability on the policy is suspended for any loss occurring during the period of default in payment by the insured". It points out that appellant did not pay the installment on the premium note that was due on February 24, 1970; that the loss was sustained on August 3,

1970; that tender of the premium due on February 24, 1970 was not made until November 4, 1970, which was after the house was damaged; and that such tender was refused by appellee. It, therefore, asserts that the coverage of the policy was suspended at the time the house was damaged.

As authority for the position taken by appellee, it relies on the cases of Duncan v. United Mut. Fire Ins. Co., 113 Tex. 305, 254 S.W. 1101 (1923); Thomas v. North River Ins. Co., 277 S.W. 1041 (Tex.Com. App.1925, judgment approved); North River Ins. Co. of New York v. Reeder, 288 S.W. 257 (Tex.Civ.App., Texarkana 1926, writ ref.); Liverpool & London & Globe Ins. Co. Limited, of London, England v. Baggett, 275 S.W. 313 (Tex.Civ.App., Austin 1925), writ ref., 115 Tex. 144, 277 S.W. 78 (1925); and United States Fire Ins. Co. v. Ryan Bros., 11 S.W.2d 395 (Tex.Civ. App., Ft. Worth 1928, writ dism.). Analysis of the cases cited by appellee discloses that in each instance there was an express provision in either the policy itself, or in the premium note, or both, that the risk of the insurance company was suspended upon failure of the insured to pay the installment premium note on the due date. There is no such provision in either the policy or the note involved in this appeal. The cited cases are not controlling in the instant case.

■ Appellee argues that the provision on page 1 of the policy, reading "in consideration of the stipulations and conditions herein or added hereto which are made a part of this policy, and of the premiums provided", when considered with the Basic Conditions, lines 31 to 47, entitled "Conditions suspending or restricting insurance", the pertinent parts thereof reading "Unless otherwise in writing added hereto, this Company shall not be liable for loss occurring. . . . (e) while any other stipulation or condition in this policy is being violated", suspends the liability for loss in this case. We do not agree. The policy recites that the property is insured from February 24, 1969 to February 24, 1972.

The total premium is stated to be $85.00. The note is not attached to the policy itself nor is it incorporated therein by reference. There is nothing in either the policy or the note that expressly provides for a suspension of the risk because of the failure to pay an installment on the premium when due.

In Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W.2d 379, 381 (1951) our Supreme Court held in part as follows:

".' . . It is a settled rule in this state that policies of insurance will be interpreted and construed liberally in favor of the insured and strictly against the insurer. United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048; Wood v. Southern Casualty Co., Tex. Civ.App., 270 S.W. 1055 (writ dism.); 24 Tex.Jur. p. 705, sec. 29. It is also well settled that exceptions and words of limitation will be strictly construed against the insurer. American Fidelity & Casualty Co., Inc. v. Williams, Tex.Civ.App., 34 S.W.2d 396, 402 (writ dism.); Norwood v. Washington Fidelity Nat. Ins. Co., Tex.Civ.App., 16 S.W.2d 842 (no writ history); 24 Tex.Jur. p. 704, sec. 28. We will certainly not write a limitation of liability into a policy where none exists."

■ The action instituted by appellant against appellee is founded in contract, and is therefore an action at law and recourse to equity is improper. "As the parties have bound themselves by their contract so must we find them to be bound." American Insurance Co. v. First Savings & Loan Ass'n, 434 S.W.2d 170 (Tex.Civ.App., Ft. Worth 1968, writ ref., n. r. e.). The contractual situation between appellant and appellee is such that nothing other than a cancellation of the policy before August 3, 1970 could have invalidated the policy with respect to the claim presented by this appeal. As already noted, the question as to whether the policy had been cancelled as of that date is not presented for our determination, and we are concerned only with the issue of "suspension".

■ The policy must be construed in favor of coverage. We have been cited to no authority which holds that the provisions in the policy here involved suspend the coverage of a policy of insurance when the installment on the premium note is not paid when due. We hold that under applicable rules a reasonable and fair construction of the language of the policy in controversy leads clearly to the conclusion that coverage under the policy as written was not suspended when appellant failed to pay the installment on the premium on February 24, 1970. The policy was in force and effect on August 3, 1970, when the loss was sustained. As stated in American Bankers Insurance Co. v. McDonald, 369 S.W.2d 688 (Tex.Civ.App., Austin, 1963, writ dism'd), "An insurance policy must be strictly construed against the company writing it, and particularly of provisions which tend to defeat coverage." To construe the policy issued by appellant as precluding coverage in this case would require a judicial rewriting of the policy by adding words that are not contained therein. The policy and note were each prepared by appellee and it was its choice not to insert an express provision therein that would have suspended the risk if the loss occurred while the insured was in default in the payment of the premium. Appellant's point is sustained.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellant in the sum of $2,861.50 (being for the amount of the loss sustained in the amount of $2,961.50 less $100.00 deductible) together with interest thereon at the rate of six percent (6%) per annum from July 13, 1971, the date of entry of the judgment of the trial court.