**G–W–L, INC., d/b/a Goldstar Builders, Appellant,**

**v.**

**Earl F. JUNEAU et ux., Appellees.**

**No. 7360.**

Court of Civil Appeals of Texas, Beaumont.

Oct. 26, 1972.

Rehearing Denied Nov. 9, 1972.

Second Rehearing Denied Nov. 22, 1972.

---

John L. Fulbright, Beaumont, for appellant.

Benckenstein, McNicholas, Ball, Oxford & Radford, Beaumont, for appellees.

DIES, Chief Justice.

G–W–L, Inc., d/b/a Goldstar Builders, contracted with Earl F. Juneau and wife to build the latter a home. The contract price was $20,066 and the contract contained the following clause:

"It is further distinctly understood and agreed that should the improvements, herein mentioned to be erected, fail for any reason to be completed, or fail to be completed according to the contract, or all of the labor and material used in erection thereof fail to be provided by Party of the Second Part, that Party of the Second Part or other holder of the hereinabove mentioned indebtedness and note shall have a valid and subsisting lien for said contract price, less such amount as would be reasonably necessary to complete said improvements according to the plans and specifications."

Before completion of the work, the Juneaus directed Goldstar to stop work, contending that the work done was faulty. At this time, only the slab foundation had been poured.

Goldstar then sued the Juneaus, seeking recovery of the difference between the contract price ($20,066) and what it contended to be the cost of completing the improvements. The Juneaus cross-acted, complaining that Goldstar had wrongfully garnished their bank account.

Trial was to a jury which found: (1) that it would take $21,066 to complete improvements according to plans and specifications; (2) that on the date of the application for the writ of garnishment, Juneau was not justly indebted to Goldstar in the sum of $3,253.76 (amount garnished); (3) that on the date of the application for garnishment, Glen Light, president of Goldstar, had knowledge of property belonging to the Juneaus sufficient to satisfy any debt owed by the Juneaus to Goldstar; (4) that the Juneaus sustained damages by such garnishment; and (5) that $325 would compensate the Juneaus for the garnishment.

Judgment was rendered for defendant in the amount of $1,000 together with $325 for wrongful garnishment, from which plaintiff perfects this appeal. The parties will be referred to here as they were below.

Plaintiff has points of error that there was no evidence and insufficient evidence to support the jury's finding that it would take $21,066 to complete the contracted work and that the evidence established as a matter of law that the answer to such issue was $17,211.

Other than the witness, Randall, whose testimony was an opinion of the cost of pouring a new slab on top of that already poured, the only testimony given as to the cost of contract completion was by plaintiff's president, Glen Light. His figure was $17,211. Was the jury bound by this figure? We think not.

The uncontradicted testimony of an interested witness still raises a fact issue for determination by the jury. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (1942); Moss v. Hipp, 387 S.W.2d 656, 659 (Tex. 1965); Central Freight Lines, Inc. v. Bergeron, 470 S.W.2d 117, 121 (Tex.Civ.App.,

Beaumont, 1971, error ref. n. r. e.). Of course, this rule has its exceptions [for example, see Hill v. Meadows, 476 S.W.2d 705 (Tex.Civ.App., El Paso, 1972, no writ)], but this testimony does not fall within that category. Light's testimony as to the cost of completion could not be a precise figure which the jury must accept. Light himself was careful to explain, "Now, please realize that none of this is projected cost. There's no figure locked in for contingencies. We don't build them that way."

In Maryland Casualty Co. v. Hearks, 144 Tex. 317, 190 S.W.2d 62, 64 (1945), we find:

"Jurors in weighing the evidence before them have a right to use their common knowledge and experience in life. If the opinions of the experts as given in the evidence do not comport with the jurors' ideas of sound logic, the jurors have a right to say so."

■ While the jury was not bound to accept Light's figure of $17,211 to complete the improvements, its finding in this respect of $21,066 must find support in the evidence. We find no such support. See Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162, 165 (1961). The point of error that there is no evidence to support the jury finding of $21,066 is sustained. The point of error that the amount of $17,211 was established as a matter of law is overruled.

■ Plaintiff complains of the jury's finding that Glen Light had knowledge on the date of the garnishment application of property belonging to defendants (exclusive of the bank account garnished) sufficient to satisfy any debts owed plaintiff by defendants. This was submitted unconditionally and the jury, as noted, had already found that defendants were not indebted to plaintiff. However, it is uncontested that plaintiff held a deed of trust on the property involved. Under these circumstances, plaintiff would have to seek satisfaction through foreclosure before seeking garnishment. Teague v. Fairchild, 15 S.W.2d 585 (Tex.Com.App., 1929); Household Finance Corporation of Dallas v. Reyes, 408 S.W.2d 739 (Tex.Civ.App., Texarkana, 1966, dism.).

■ Plaintiff complains that there was no or insufficient evidence to support the jury's finding of $325 damages caused by the garnishment of defendants' bank account. We sustain this point of error. The only evidence of actual damages was as follows:

"Q. Mrs. Juneau, do you know how much interest you would have drawn on your bank account at six per cent based on twenty months?

"A. From September 10, 1969 to 1970 it would have been a Hundred and Ninety-Five Dollars and from September 10, 1970 to now it would have been a Hundred and Thirty, which would have been Three Hundred and Twenty-Five Dollars."

There is no evidence that the money was or would be put on interest. There is no evidence as to what interest rate the bank was paying or would have paid. Damages for alleged wrongful issue of writ of garnishment are to be determined by the loss sustained. Reynolds v. Sandel, 142 S.W.2d 527 (Tex.Civ.App., El Paso, 1940, no writ).

We find no error in the other points assigned. The judgment of the trial court denying plaintiff recovery is affirmed, and the judgment allowing defendant recovery is reversed and rendered that defendant take nothing.

Affirmed in part and reversed and rendered in part.