**Earl H. WEIHAUSEN, Appellant,**

v.

**FIRST NATIONAL BANK OF BRYAN, Appellee,**

**University National Bank of College Station (Garnishee), Appellee.**

**No. 5280.**

Court of Civil Appeals of Texas, Waco.

Oct. 25, 1973.

Cofer & van Overbeek, D. Brooks Cofer, Jr., Bryan, for appellant.

Lewis & Bryan, Travis B. Bryan, III, Coulter Hoppess, Bryan, for appellee.

## OPINION

JAMES, Justice.

This is an appeal from a judgment in garnishment. We reverse and remand.

The facts pertinent to this appeal are as follows: Plaintiff-Appellee First National Bank of Bryan filed the instant application for writ of garnishment against University National Bank of College Station as garnishee, seeking to garnishee any funds University National might have which belonged to Frank A. Weihausen, Mrs. Frank A. Weihausen, and Appellant Earl Weihausen, toward satisfaction of a judgment which First National had theretofore obtained against the three above-named Weihausens. (Said judgment being hereinafter called "judgment in the main case").

University National as garnishee filed its answer, alleging that it was indebted to Earl Weihausen in the amount of $942.-93.

Appellant Earl Weihausen intervened in the garnishment suit, and filed a motion to quash the garnishment, asserting that the garnishment was void. Said motion to quash recited in effect that in the main case, First National had a valid lien against certain personal property in the hands of the Weihausens by virtue of a security instrument, but that First National had waived foreclosure and sale on its security, and that said personal property was still available to be levied upon; that First National had made no attempt to levy upon said personal property in an effort to satisfy its judgment in the main case.

The trial court after hearing overruled the Motion to Quash, and sitting without a jury awarded First National a judgment in garnishment against University National in the amount prayed for, towit, $942.93 less costs to include a $50.00 attorney's fee for the garnishee, from which judgment in garnishment Appellant Earl Weihausen prosecutes this appeal.

On September 21, 1972, First National obtained the judgment in the main case in the District Court of Brazos County, Texas, against Frank A. Weihausen, Mrs. Frank A. Weihausen, and Earl Weihausen (Appellant in the case at bar) for $2527.69, plus interest from the date of judgment at 10% per annum, plus $252.76 attorney's fees and costs. A copy of this judgment was not offered in evidence and is consequently not before us so that we may determine its exact provisions; however, according to the oral testimony the following facts appear to be undisputed: that First National's suit in the main case against the three Weihausens was based upon a security instrument which had been executed by the Weihausens in favor of First National; that by virtue of the security instrument First National had a first lien on certain described personal property, including an

automobile, television set, an air conditioning unit, and household furniture; that said personal property was in the possession of the Weihausens at the time First National's judgment in the main case was obtained with the exception of the automobile which had been theretofore repossessed from Frank A. Weihausen by First National; that the balance of the mortgaged personal property was still in the hands of the Weihausens at all times material to this controversy; that First National had made no attempt at any time to foreclose its lien against said property, although its officers had knowledge that at least some of this mortgaged property was in the hands of the Weihausens. There was nothing in the record to indicate that the subject mortgaged property was anywhere else except in the possession of the Weihausens.

Appellant Earl Weihausen appeals on three points of error. In point two Appellant asserts that the writ of garnishment and judgment pursuant thereto is void for the reason, among others, that "the Judgment Defendant had in his (Earl Weihausen's) possession, with the knowledge and consent of the Garnishor (First National) property upon which the Garnishor held a security interest under the terms of the note and security agreement which was the basis of the original action (main case). No attempt was ever made to levy or foreclose the lien on this property, or to sell the same." We sustain this contention.

First National, having accepted from the Weihausens the subject personal property as security for the debt (due by the Weihausens to First National) was under the duty to exhaust this security before it (First National) would be entitled to seize any other property which might belong to the Weihausens and subject the property so seized to the payment of the debt. See Teague v. Fairchild (Tex.Com.App. 1929) 15 S.W.2d 585, opinion adopted by the Supreme Court; Hale County State Bank v. Bray (Amarillo, Tex.Civ.App. 1936) 97 S.W.2d 337, error refused; Reis-

tino v. Chandler (Waco, Tex.Civ.App., 1941) 156 S.W.2d 1008, no writ history; Household Finance Corporation of Dallas v. Reyes (Texarkana, Tex.Civ.App., 1966) 408 S.W.2d 739, error dismissed; G-W-L., Inc. v. Juneau (Beaumont, Tex.Civ.App., 1972) 486 S.W.2d 812, error refused NRE.

■ So we hold that the effort of First National to subject by garnishment, the funds in the hands of University National belonging to Appellant, to the payment of its debt, resulting in the appropriation of said funds without first having sold the property set apart to pay the debt, was premature, and therefore the trial court's judgment in garnishment is erroneous (*Teague*, supra) and void (*Hale County State Bank*, supra).

Appellee First National contends that the above point raised in Appellant's brief under Appellant's second point of error should not be considered by us for the reason that said point was not included in Appellant's motion for new trial, and was therefore waived, citing Collins v. Smith (1943) 142 Tex. 36, 175 S.W.2d 407; American Insurance Co. v. First Savings and Loan Assn. (Fort Worth, Tex.Civ. App., 1968) 434 S.W.2d 170, error refused NRE; and Birge v. Toppers Mens Wear, Inc., (Dallas, Tex.Civ.App., 1971) 473 S. W.2d 79, error refused NRE.

■ We overrule this contention, because the above cases cited by Appellee apply to trials by jury, in which cases a motion for new trial was required to be filed by Appellant as a basis for appeal. In the case at bar, the trial court's judgment was based upon a non-jury trial; and under the facts of our instant case, Appellant was not required to file a motion for new trial (although he did file one). Therefore, his failure to include this point in his motion for new trial did not constitute a waiver of same, since it was included in the points of error in his brief. Rule 374, Texas Rules of Civil Procedure. Also see Rules 324 and 325, T.R.C.P.

We have carefully considered Appellant's first and third points, and overrule same.

Our Supreme Court has held that a Court of Civil Appeals, having found error in the judgment of the trial court, is authorized in a proper case to remand in the interest of justice. This is a discretionary matter. Rule 434, T.R.C.P.; Morrow v. Shotwell (Tex.1972) 477 S.W.2d 538.

In view of our determination of Appellant's second point as above-discussed, we accordingly reverse the trial court's judgment and remand same to the trial court to afford the Appellee First National an opportunity to take appropriate legal action to foreclose upon the subject personal property mortgaged under the security instrument, to cause said property to be sold in accordance with the provisions of the security instrument and the judgment in the main case, and the proceeds thereof applied and the deficiency thus mathematically ascertained before proceeding with a retrial of this garnishment action against University National. See Teague v. Fairchild, supra, at page 588.

Reversed and remanded.